IN THE SUPREME COURT OF THE STATE OF DELAWARE

EDWARD S. LAMPERT, ESL §
INVESTMENTS, INC. ESL §
PARTNERS, LP, RBS PARTNERS, § No. 111, 2025
LP, TRANSFORM HOLDCO LLC, §
and HOMETOWN MIDCO LLC, § Court Below—Court of Chancery
§ of the State of Delaware
Defendants Below, §
Appellants, § C.A. No. 2019-0798
§
v. §
§
CANNON SQUARE, LLC, §
§
Intervenor Below, §
Appellee. §

Submitted: March 27, 2025
Decided: April 25, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After considering the notice and supplemental notice of appeal from an interlocutory order and the exhibits, it appears to the Court that:

(1)    Edward S. Lampert controlled Sears Hometown and Outlet Stores, Inc. (the "Company") and Sears Holdings Corporation ("Holdings") through his control of a group of investment funds known as the "ESL Funds."[1]  In 2019, the Company

---

[1] The factual background described in this order is a simplification provided only for context.  The Court of Chancery's opinion that is the subject of this appeal refers to Lampert and the ESL Funds, collectively, as "Lampert."  We follow suit.

merged with an acquisition subsidiary of Holdings, with the Company surviving. Each share of the Company was converted into the right to receive $3.21 (the "Merger Consideration"). A wholly owned subsidiary of the successor to Holdings ("Parent") supplied the cash to pay the Merger Consideration. The Company emerged as a wholly owned subsidiary of Parent.

(2) Stockholders of the Company filed putative class actions challenging the merger. After closing, the stockholders' claims were consolidated into a single putative class action (the "Plenary Action") in which the stockholders alleged that Lampert, his affiliates, and certain Company directors breached their fiduciary duties by engaging in a squeeze-out transaction at an unfair price.

(3) Cannon Square, LLC demanded appraisal of its Company stock and initiated an appraisal proceeding. In 2020, the Court of Chancery consolidated the Plenary Action and the appraisal proceeding for purposes of discovery and trial. In 2021, the court certified a class in the Plenary Action.

(4) In 2022, the Company and Parent filed voluntary petitions for bankruptcy. Cannon Square became an unsecured general creditor of the Company holding an unliquidated claim for the fair value of its dissenting shares. Cannon Square had little prospect of either recovering anything from the Company or receiving the merger consideration from Parent if it attempted to withdraw its appraisal demand. It therefore opted to join the class in the Plenary Action. In 2023,

2

the Court of Chancery approved a stipulated modification to the class certification order that explicitly included stockholders who had exercised their appraisal rights. The class consisted of 10,579,356 shares: 10,321,048 non-dissenting shares, plus 258,308 shares held by Cannon Square.

(5)     In 2024, the Court of Chancery issued a post-trial decision finding that the merger was not entirely fair and that the fair price would have been $4.99 per share.[2]  By that time, Lampert was the only remaining defendant.  Lampert moved for reargument, and the court reduced the fair price determination to $4.06 per share.[3]  Subtracting the $3.21 per share merger price from the $4.06 per share fair value, the court awarded damages amounting to $0.85 per share.[4]

(6)     Cannon Square then asserted that it was entitled to recover $4.06 per share from Lampert because it had not received the merger consideration.  The court allowed Cannon Square to intervene in the Plenary Action to make that claim.  Thereafter, the plaintiffs in the Plenary Action settled with Lampert for $10 million.  If that amount were distributed pro rata to all shares in the class, each stockholder— including Cannon Square—would receive $0.95 per share.  As a result, Cannon

---

[2] *In re Sears Hometown & Outlet Stores, Inc. S'holder Litig.*, 309 A.3d 474, 541 (Del. Ch. 2024).

[3] *In re Sears Hometown & Outlet Stores, Inc. S'holder Litig.*, 2024 WL 3555781, at *5-6 (Del. Ch. July 2, 2024).

[4] *Id.* at *6; *see also In re Sears Hometown & Outlet Stores, Inc. S'holder Litig.*, 2024 WL 5403534, at *2 (Del. Ch. Feb. 13, 2025) ("Focusing on the plenary class members who had received the merger consideration, the court awarded compensatory damages equal to their out-of-pocket loss, or $0.85 per share.").

Square would have received a total of $0.95 per share, while the other stockholders would have received a total of $4.16 per share—$3.21 as merger consideration plus $0.95 per share from the pro rata distribution of $10 million. But Cannon Square argued that it should receive $3.21 per share off the top, and then the remaining proceeds—$0.87 per share—should be distributed pro rata. Under that approach, each stockholder would have received a total of $4.08 per share.

(7) The Court of Chancery agreed with Cannon Square. On February 13, 2025, the court issued an opinion holding that Cannon Square is entitled to recover $4.06 per share (the "Remedy Opinion").[5] The defendant-appellants filed an application for certification of an interlocutory appeal of the Remedy Opinion on February 27, 2025. Cannon Square opposed the application. The Court of Chancery declined to certify, finding that the application was untimely and the defendant-appellants had failed to demonstrate good cause to excuse their untimely filing.[6] The court also held that the Remedy Opinion did not resolve a substantial issue of material importance as required by Supreme Court Rule 42(b)(i) and did not satisfy the Rule 42(b)(iii) criteria. Finally, the court concluded that the case "is on the verge

---

[5] *In re Sears Hometown*, 2024 WL 5403534, at *16.
[6] *In re Sears Hometown & Outlet Stores, Inc. S'holder Litig.*, 2025 WL 882587 (Del. Ch. Mar. 21, 2025).

of a final judgment that will support an appeal as of right" and that an interlocutory appeal therefore is not warranted.[7]

(8)     In the exercise of our discretion,[8] and giving great weight to the trial court's view, we conclude that the interlocutory appeal should be refused.  The application for certification was untimely because it was filed more than ten days after the Court of Chancery issued the Remedy Opinion on February 13, 2025, and the appellants did not establish good cause to excuse their untimely application.[9] Moreover, it appears that the proceedings in the Court of Chancery are nearing conclusion.  Exceptional circumstances that would merit interlocutory review of the Remedy Opinion do not exist in this case,[10] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

---

[7] *Id.* at *1.

[8] Del. Supr. Ct. R. 42(d)(v).

[9] *See id.* R. 42(c)(i) (providing that the application for certification "shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown"); *id.* R. 42(a) ("The Court's jurisdiction to hear and determine appeals in civil cases from interlocutory orders of a trial court, including a trial court acting as an intermediate appellate court in the review of a ruling, decision or order of a court or an administrative agency, shall be exercised in accordance with this rule as to certification and acceptance of interlocutory appeals.  All time periods under this rule should be calculated under Supreme Court Rule 11."); *see also, e.g.*, *D&D Mfg., LLC v. Envirokare Composite Corp.*, 2024 WL 2270612 (Del. May 20, 2024) (refusing interlocutory appeal in which the appellants filed the application for certification more than ten days after the Court of Chancery's ruling, as calculated under the Supreme Court rules).

[10] Del. Supr. Ct. R. 42(b)(ii).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice